IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACQUELINE ALLEN                                                    PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:21-cv-597-HTW-FKB

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY                                                  DEFENDANT

## REPORT AND RECOMMENDATION

Jacqueline Allen filed a claim for disability insurance benefits and supplemental security income alleging disability beginning May 1, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a telephone hearing, the ALJ issued an unfavorable decision on May 5, 2021. The Appeals Council denied her request for review. Allen now brings this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Allen was born on November 23, 1961 and was 59 years of age at the time of the ALJ's decision. In December of 2018, she presented at the emergency room with reports of a syncopal episode accompanied by diaphoresis, nausea, and vomiting. R. 319. It was noted that she had had a partial thyroidectomy and had not been taking her thyroid medication. TSH was 104, and her symptoms were attributed to uncontrolled hypothyroidism. *Id.* CT of the brain and ECG were normal. *Id.* She was treated and given a prescription for levothyroxine. *Id.* Similar episodes of syncope and visits to the emergency room occurred in January of 2019, May of 2019, and September of 2020.

R. 383-84, 427-28, 674-75.  TSH was elevated each time.  *Id.*  At an emergency room visit in December of 2019, a history of congestive heart failure was noted.  R. 615.

At an ENT appointment in October of 2020, Plaintiff reported that she was compliant with her thyroid medication but was nevertheless experiencing frequent blackouts.  R. 717.  She was referred to Dr. Douglas Wolfe, a cardiologist.  R. 724.  Dr. Wolfe's assessment was thyromegaly, palpitations, Reinke's edema, goiter, laryngopharyngeal reflux disease, tobacco dependence, syncope and collapse, and hypothyroidism due to Hashimoto's thyroiditis.  R. 724.  He prescribed Midodrine and Florinef and ordered an autonomic function lab panel.  *Id.*  At a follow-up telehealth visit on January 29,  2021, Plaintiff reported that she was not having episodes of syncope but was experiencing acute nausea and vomiting. R. 739.  Dr. Wolfe noted that it was difficult to track her complaints and that he needed objective data concerning cardiac function.  R. 743.

On February 5, 2021, Dr. Wolfe completed a Cardiac Medical Source Statement.  R. 704.  In the statement, Dr. Wolfe indicated that Plaintiff suffers from chest pain, anginal equivalent pain, nausea, shortness of breath, fatigue, weakness, palpitations, and syncope.  *Id.*  He stated that she experiences cardiac symptoms frequently, that her medications cause dizziness and gastroenterological disturbances, that her symptoms cause emotional difficulties, and that she is anxious and rambling.  R. 704-706.  Dr. Wolfe did not give a cardiac diagnosis and indicated that cardiac studies were scheduled.  R. 704.  He opined that Plaintiff can walk one to two blocks, stand/walk less than two hours, sit six hours, lift/carry less than 10 pounds occasionally, and never

stoop or crouch. R. 706-707. He stated that at a job she would need to be able to shift positions at will, to elevate her legs 25 percent of the time with a sedentary job, and to take unscheduled breaks. *Id.* Dr. Wolfe estimated that Plaintiff would miss more than four days of work per month. R. 707.

The ALJ evaluated Allen's claim using the familiar sequential evaluation process for determining disability.[1] At step one, she found that Plaintiff was not engaging in substantial gainful activity. R. 13. At step two, the ALJ determined that Plaintiff has the severe impairments of hypertension, congestive heart failure, and hypothyroidism. *Id.* At step three, she found that none of Plaintiff's impairments is of listing-level severity. R. 14-15. The ALJ concluded that Plaintiff retains the residual functional capacity to perform the full range of light work. R. 15-17. Relying upon the testimony of a vocational expert, the ALJ found at step four of the sequential process that Plaintiff can

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

    (1)    whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

    (2)    whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

    (3)    whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

    (4)    whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

    (5)    whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

perform her past relevant work as a fast-food worker and hotel housekeeper and is therefore not disabled. R. 17-18.

In support of her appeal, Plaintiff makes two arguments: (1) That the ALJ's step four finding is contrary to law because the jobs relied upon do not qualify as past relevant work; and (2) that the ALJ erred in her evaluation of Dr. Wolfe's opinion. The undersigned concludes that the former of these arguments is dispositive and requires remand.

In order to deny benefits at step four, an ALJ must find that the claimant can perform past relevant work. A job constitutes past relevant work if it was performed (1) at the level of "substantial gainful activity" (SGA); (2) within the past 15 years; and (3) long enough for the claimant to have learned the job. 20 §§ 404.1560(a), 416.960(a). Plaintiff does not dispute that the latter two requirements are met for the two jobs in question. Rather, she contends only that neither of these jobs was performed at the level of SGA. As she points out, this issue is outcome determinative: If Plaintiff has no past work, the ALJ's other findings require a finding that she is disabled as a matter of law pursuant to the Medical-Vocational Guidelines (the Grids). *See* 20 C.F.R., Part 404, Subpt. P., App. 2, § 202.01 (directing a finding of disability for a person of advanced age, limited to light work, with limited education, and with unskilled or no work experience).

SGA is defined as work activity that is both substantial and gainful:

(a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

4

> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. §§ 404.1572, 416.972; *see also Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir.2000).

The primary consideration for whether work constitutes SGA is the claimant's earnings. §§ 404.1574(a)(1), 416.974(a)(1). For each calendar year, the SSA sets out a presumptive SGA level of earnings, *i.e.*, the minimum level of earnings necessary for a job to be considered SGA. Those amounts for 2015-2020, the years Plaintiff worked as either a fast-food worker or a hotel housekeeper, are as follows:

| Year | Earnings Per Month |
|---|---|
| 2015 | $1090 |
| 2016 | $1130 |
| 2017 | $1170 |
| 2018 | $1180 |
| 2019 | $1220 |
| 2020 | $1260 |

Social Security Program Operations Manual Sys (POMS), DI 10501.015, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015.

The SSA earnings tables indicate that Plaintiff earned the following amounts as a fast-food worker:

| Year | Annual Earnings |
|---|---|
| 2015 | $1504.24 |
| 2016 | $7388.61 |
| 2017 | $1928.21 |
| 2018 | $4842.98 |
| 2019 | $3782.82 |
| 2020 | $2835.56 |

R.196-98.

Plaintiff worked as a hotel housekeeper in the years 2017 and 2018, earning the following amounts:

| Year | Earnings |
|---|---|
| 2017 | $10,108.21 |
| 2018 | $2,701.80 |

R.196-97.

As Plaintiff points out in her opening brief, dividing the total amount earned for each year by twelve yields a monthly average less than the SSA's threshold amount. In response, Defendant does not dispute that Plaintiff never performed the job of fast-food worker at SGA level. Neither does Defendant contend that Plaintiff performed the job of hotel housekeeper at SGA level in 2017. Rather, Defendant's argument is directed solely to Plaintiff's work as a hotel housekeeper in 2018

     The SSA earnings documentation gives only annual earnings; it does not indicate the specific months during which Plaintiff worked at any job. However, Defendant points out the disability report submitted by Plaintiff indicates that she worked as a hotel housekeeper from February 2017 through February of 2018. R. 213-14. Defendant argues that pursuant to SSR 83-35, 1983 WL 31257, when there is a significant change in work patterns or earnings, it may be necessary to average separately a distinct period of work. Defendant's position is that, based upon the representation in her disability report, Plaintiff's earnings as a hotel housekeeper in 2018 should be averaged over the months of January and February only. Calculating her earnings in this fashion yields a monthly average of $1350.90—an amount greater than the 2018 SGA threshold of $1180.

6

The SSA earnings documentation on its face indicates that Plaintiff's earnings were below the threshold amount for every year she worked at either job. While the disability report provides some support that Plaintiff reached SGA levels for two months in 2018, the accuracy of the report is questionable. It was not prepared by Plaintiff, but by someone on her behalf. Furthermore, the medical record, as well as other forms completed by Plaintiff, indicate that she is a poor historian and has memory difficulties. Plaintiff never testified about this job, and there is no other evidence in the record concerning it. And, as Plaintiff points out, there is some reason to doubt whether Plaintiff earned $2701.80 in only two months, given her much lower monthly earnings for the job during the previous year. If in fact Plaintiff worked at this job in 2018 three months instead of two, her monthly average would fall short of the SGA threshold, and the Grids would direct a finding of disability. The possibility that Plaintiff worked in the hotel housekeeper position for only two months in 2018, rather than three or more, is simply too thin of a strand upon which to hang a finding that Plaintiff has past relevant work and is therefore not disabled. This is particularly so given that there is no recognition or discussion of the issue in the ALJ's written decision. *Cf. Copeland v. Colvin*, 771 F.3d 920, 927 (5th Cir. 2014) (remanding where claimant's earnings were below threshold amounts and ALJ never addressed issue).

For this reason, the undersigned recommends that the decision of the Commissioner be reversed and that this matter be remanded to the ALJ for further proceedings, including a determination as to whether Plaintiff has any past relevant work.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 28th day of November, 2022.

/s/ F. Keith Ball
United States Magistrate Judge
